## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br>RICHARD HALL<br>SCOTT SCHUSTER<br>DUSTIN RALL<br>JOHN LE<br>GEORGE LOCK PARET<br>TURNER LUKE ZEUTZIUS<br>QUINTAN COCKERELL<br>MICHAEL RANELLE | No. 3:18-CR-623-S |

HONORABLE KAREN GREN SCHOLER, UNITED STATES DISTRICT JUDGE:

### *AMICUS CURIAE* BRIEF RESPONDING TO DKT. 234, DEFENDANT QUINTAN COCKERELL'S FIRST-AMENDED MOTION TO DISCLOSE DOCUMENTS

The undersigned member of the bar of this Court respectfully seeks leave to file this *Amicus Curiae* Brief to rebut certain misrepresentations to this Court in Defendant Quintan Cockerell's First-Amended Motion to Disclose Documents, Dkt. 234, filed June 10, 2020 (the "Motion").

The Motion seeks this Court's permission to disclose documents to attorneys in a civil suit against my former law firm, K&L Gates LLP, and me in Tarrant County, Texas, filed by Rxpress and ProGen, whose principals, owners, and employees include the defendants in the above case No. 3:18-CR-623-S (the "Criminal Defendants").[1] None of the Criminal Defendants is a party to the *Rxpress/ ProGen* case, yet each refuses to be deposed, individually, or on behalf of the corporate entities, based on their Fifth Amendment rights. While resisting discovery in the *Rxpress/ ProGen* case, the Motion seeks discovery from this Court, based on false statements to this Court.

---

[1] *Rxpress Investments, Inc., et. al. v. K&L Gates LLP and Brandon McCarthy*, No. 153-297781-18, 153rd District Court, Tarrant County, Texas (the "*Rxpress/ ProGen* case").

Page 1

I am not litigating the *Rxpress/ ProGen* case here and any questions about that case can be addressed by our defense counsel at Vinson & Elkins, but as a former Assistant United States Attorney ("AUSA") appearing before Judges of this Court for over 13 years, I feel obligated to address certain statements in the Motion about me and activities that I purportedly conducted while an AUSA that are false and lack candor to this Court.

I was an AUSA with the office of the United States Attorney for the Northern District of Texas from May 2007 until July 31, 2015. During that tenure, I had no involvement with the investigation or prosecution of the Criminal Defendants. I never met with Nathan Halsey (as indicated below) while I was an AUSA. I had never even spoken to or met Halsey as of July 31, 2015 (my last day at the USAO).

The Motion at p. 2, however, falsely represents to this Court that:

> In or around July, 2015, McCarthy, who was an active Assistant United States Attorney in the Northern District of Texas at the time, had communications with an individual who claimed to have information against ProGen and Rxpress and Xpress Pharmacies and wanted to get them prosecuted, in order to help the individual not be prosecuted as a result of a securities fraud investigation against him. They also discussed bringing a *qui tam* action against ProGen, the pharmacies, and the defendants. McCarthy informed the individual to wait a few weeks as he was planning on leaving the United States Attorney's Office and begin employment in the private sector at K&L Gates.

That false statement, along with the next 8 bullet points of false purported fact statements in the Motion pp. 2-3, do not appear in the Exhibit A "Petition for Intervention" attached to the Motion and could not be a statement made by counsel filing the Motion, Derek Staub, consistent with Rule 11(b), Fed. R. Civ. P. ("Representations to the Court") or similar standard that the "factual contentions have evidentiary support," or an attorney's obligation of "Candor Toward the Tribunal" under the Texas Disciplinary Rules.

The foregoing statements are false. The Motion indicates that the "individual" referenced above was Nathan Halsey and falsely claims that I "had communications with" Halsey while I was an AUSA. I did not.

The Motion further falsely claims that "Halsey met with McCarthy at K&L Gates' office in early August 2015." Motion at 3. I did not join K&L Gates until mid-August 2015 and first met Halsey in September 2015.

Among other false statements, the Motion represents that:

- "McCarthy directed Halsey to gather information against defendants, ProGen, and the pharmacies;"

- "McCarthy assisted Halsey in responding to a federal search warrant;"

- "McCarthy encouraged and conspired with Halsey to contact and meet with Kevin Krause of the Dallas Morning News to print stories about defendants, ProGen, and the pharmacies." Motion at 3.

These statements are also false.[2] I understand that through discovery, counsel for movant, Quintan Cockerell and ProGen, in the *Rxpress/ ProGen* lawsuit, have documents and information, including statements from Halsey and others, that refute the false statements.

The Motion and *Rxpress/ ProGen* lawsuit preposterously claim that I colluded with a reporter from the *Dallas Morning News*, Kevin Krause, and Halsey to:

(1) publish allegedly defamatory articles in February 2016, claiming that Rxpress, ProGen, and their principals (Lewis Hall, Richard Hall, Scott Schuster, Dustin Rall, Quintan Cockerell, and others) were under federal investigation – when supposedly they were not – but the record now shows they actually were under investigation;

---

[2] The Motion and attached Petition in Intervention contain many other false statements that the Criminal Defendants cannot support, which I deny, but do not separately rebut here.

Page 3

(2) by causing United States Magistrate Judge Irma Ramirez to issue a warrant to search Halsey's home without probable cause in February 2016[3] – when Judge Ramirez found such cause;

(3) to make it appear that there was a federal healthcare fraud "investigation" of Rxpress when "no investigation existed or was ongoing"[4] – yet the record now shows there actually was a longstanding investigation;

(4) which would assist McCarthy and Halsey's alleged scheme to file a *qui tam* action against Rxpress/ ProGen[5] – that has never been filed and such alleged scheme did not exist.

These statements are false. The *Rxpress/ ProGen* Intervention attached to the Motion further claims that the Parker County District Court and Fort Worth Court of Appeals found the *Dallas Morning News* articles were false and defamatory and allege that the *Dallas Morning News* articles destroyed the Rxpress and ProGen businesses.[6]

The Motion fails to apprise this Court that the Texas Supreme Court reversed, rendered, and dismissed the Rxpress defamation and other claims.[7] The Texas Supreme Court rejected the argument that the Halls, Schuster, and Rall **were not under investigation** for the matters leading to the indictments of the Criminal Defendants.[8] The Supreme Court record contained the September 2016 Application and Affidavit for Search Warrant for the Rxpress office in Fort

---

[3] "The search warrant was issued because Halsey asked for it to be . . . ." *Plaintiffs' First Amended Petition* ("Petition") filed April 10, 2018 ("Petition") ¶ 18.

[4] "However, no such investigation existed or was ongoing." Petition ¶ 18.

[5] *See, e.g.*, Petition ¶¶ 14, 17, 18.

[6] *See, e.g.*, Petition ¶ 26 "After the articles were printed in February and March 2016, Plaintiffs' business quickly evaporated….")

[7] *The Dallas Morning News, Inc. and Kevin Krause v. Lewis Hall and Richard Hall, individually and on behalf of Rxpress Pharmacies and Express Compounding*, 579 S.W.3d 370 (Tex. 2019).

[8] 579 S.W.3d at 378 ("[W]e struggle to see how a search warrant seeking documents and communications about Rxpress's owners and operations, in the context of an inquiry into possible healthcare fraud, is clear and specific evidence that Rxpress was *not* 'under investigation.'")

Worth[9] (the "Fort Worth Search"), which shows that federal agents began investigating these individuals before August 2015 – at least six months before the *Dallas Morning News* published the articles and before I joined K&L Gates or met Halsey in September 2015.

Despite Plaintiffs' and Intervenors' allegations that the *Dallas Morning News* based the articles on false information from Halsey and me, the Texas Supreme Court found that the source for the articles was pleadings in "lawsuits" Rxpress filed itself, which admitted that "Rxpress had been illegally charging commissions for prescription sales" *Id*. at 374 and pleadings by "[d]isgruntled business partners and a pharmacy tax advisor" who "said doctors invested in the pharmacy and wrote prescriptions to drum up business for the company. Rxpress paid them kickbacks in the form of investor dividends, *she said*." (emphasis in original). 579 S.W.3d at 381.

The record before the Texas Supreme Court further shows that while Rxpress and Hall represented in pleadings to multiple courts (43rd District Court, Parker County, Fort Worth Court of Appeals, and the Texas Supreme Court) that they were not under investigation, they complained to this Court that allegedly attorney-client privileged documents from K&L Gates or other law firms already had been seized during the Fort Worth Search of Rxpress in September 2016.[10] Our fully-briefed position in the *Rxpress/ ProGen* case is that by suing K&L Gates and me as their former attorneys, Rxpress and ProGen have waived any once-applicable attorney-client privilege concerning K&L Gates LLP's files and representation concerning Rxpress and ProGen.

---

[9] Petitioners' Second Motion for Judicial Notice of Court Filings filed November 30, 2018, Supreme Court of Texas, No. 17-0637, *The Dallas Morning News, Inc. and Kevin Krause v. Lewis Hall and Richard Hall, individually and on behalf of Rxpress Pharmacies and Express Compounding*, attaching Application and Affidavit supporting search warrant issued by U.S. Magistrate Judge Paul D. Stickney, September 8, 2016.

[10] Petitioners' Fourth Motion for Judicial Notice of Court Filings filed May 8, 2019, Supreme Court of Texas, No. 17-0637, *The Dallas Morning News, Inc. and Kevin Krause v. Lewis Hall and Richard Hall, individually and on behalf of Rxpress Pharmacies and Express Compounding*, attaching Government's Motion for Reconsideration, Dkt. 129, in this case No. 3:18-cr-00623-S.

## CONCLUSION

Accordingly, McCarthy respectfully urges the Court to consider this *Amicus Curiae* Brief.

> Respectfully submitted,
>
> */s/ Brandon McCarthy*
> Brandon N. McCarthy
> State Bar No. 24027486
> brandon.mccarthy@katten.com
> Telephone: (214) 765.3600
> Telecopier: (214) 765.3602
>
> *Pro se Amicus Curiae*

## CERTIFICATE OF SERVICE

I certify that on July 20, 2020, a true and correct copy of the foregoing document was served using the Court's electronic filing system

> */s/ Brandon McCarthy*
> Brandon N. McCarthy